In the Matter of VICTOR V. AUGUSTINE, JR., Respondent.

Fourth Department, April 7, 1961.

*N. Earle Evans, Jr.,* for petitioner.

*Hoffmann & Hartnett* for respondent.

*Per Curiam.* The respondent, an attorney at law, represented defendant-appellant, who applied to this court for permission to appeal from a judgment of conviction on typewritten papers.

The papers on the application were prepared and presented by the respondent. The appellant verified the usual affidavit saying that he was a poor person and had "no property whatsoever and is not worth $300 in cash or available property." He stated that he had not the means to prosecute the appeal and that unless he should be permitted to appeal on typewritten papers, the appeal would have to be abandoned. Other details concerning his impecunious condition were stated. Accompanying this affidavit was a certificate signed by the respondent in which he agreed to prosecute the appeal "without compensation except for what the Court might assign me as a reasonable sum for my services and I certify that I have no interest in the above action whatsoever." This certificate was dated October 12, 1960.

The motion was returnable on November 29, 1960, and on December 1, 1960, an order was entered granting the application. The order provided that the appeal might be prosecuted upon one certified copy of the judgment roll filed pursuant to section 485 of the Code of Criminal Procedure, one copy of the stenographic minutes certified by the stenographer and filed pursuant to section 456 of the Code of Criminal Procedure, and five typewritten briefs. Respondent was assigned as counsel to conduct the appeal. Despite his agreement with this court that he would serve without compensation, and in disregard of the specific references to section 456 of the Code of Criminal Procedure in the order of this court, on December 10 a letter was sent from the office of the respondent to the appellant stating that this court had granted the application but that it was necessary that a copy of the stenographic minutes and five clearly typewritten copies of the brief be furnished to the court. The letter continued: "The cost of perfecting this appeal, which would include paying the court stenographer for typing the minutes and the research necessary for the formulating of the Brief and for the costs of preparing the typewritten records will be $500." On January 16, 1961 the appellant brought these matters to the attention of this court.

A petition in this disciplinary proceeding has been presented stating the substance of the above facts. In his answer, the respondent admits all of these facts, except that he has alleged that the letter of December 10 was not signed by him. He has, however, admitted that it was sent with his general knowledge, permission and consent and was, in fact, authorized by him. He contends that the letter of December 10 was prepared and was signed by a clerk in his office, who was not a lawyer, whom he had not directed to ask for a specific amount. The answer also contains so-called explanatory matter to the effect that after

receiving the order, he asked the court stenographer the estimated costs of preparing the record and was advised that it would approximate $275.

Respondent states that he was not aware that he was entitled to have a copy of the minutes prepared without costs to the appellant. It is difficult to understand his alleged lack of knowledge of the law relating to indigent appeals, particularly as his attention was called to the pertinent section of the Code of Criminal Procedure by the order of this court. However, as aforesaid, he has accepted responsibility for the contents of the letter, as of course he should. There is no question but that his conduct requires disciplinary action.

Respondent is a relatively young lawyer, having been admitted to practice in 1955. In view of this and his admitted inexperience, and as apparently he has been in no previous difficulty, we feel that censure will be a sufficient measure of discipline under all of the circumstances.

The respondent, therefore, should be censured.

Present — WILLIAMS, P. J., BASTOW, GOLDMAN, HALPERN and HENRY, JJ.

Order entered censuring respondent.